IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CESAR SALINAS-TINOCO<br>(TDCJ No. 1865926), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:18-cv-1781-G-BN |
| LORIE DAVIS, Director<br>Texas Department of Criminal Justice<br>Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Cesar Salinas-Tinoco, a Texas inmate, has filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. Nos. 3 & 4. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application with prejudice as time-barred under Rule 4 of the Rules Governing Section 2254 Cases.

**Applicable Background**

Through the habeas application, Petitioner challenges his Dallas County murder conviction, which resulted in a sentence of 25 years of imprisonment, *see State v. Salinas-Tinoco*, No. F12-22231-Y (Crim. Dist. Ct. No. 7, Dallas Cty., Tex.), and was

affirmed by the El Paso Court of Appeals on April 22, 2016, *see Salinas-Tinoco v. State*, No. 08-13-00310-CR, 2016 WL 1613449 (Tex. App. – El Paso Apr. 22, 2016, no pet.).

Although he moved for additional time to file a petition for discretionary review ("PDR"), which the Texas Court of Criminal Appeals (the "CCA") granted, *see Salinas-Tinoco v. State*, No. PD-0532-16 (Tex. Crim. App.) (May 13, 2016 order extending the filing deadline to July 22, 2016), Petitioner failed to file a PDR with the CCA.

Petitioner sought state post-conviction relief as to the state criminal judgment he now challenges, but he failed to seek that relief within one year from the extended deadline to file a PDR. *See Ex parte Salinas-Tinoco*, No. W12-22231-Y(A) (Crim. Dist. Ct. No. 7, Dallas Cty., Tex.), reflecting a filing date of August 31, 2017 (from an undated petition postmarked August 21, 2017).

On initial review of the federal habeas application, the Court recognized that the petition is likely time-barred and issued a questionnaire [Dkt. No. 6] to provide Petitioner fair notice of the limitations issues and to allow him to present his positions as to those issues through a verified response to the questionnaire. Petitioner has filed a timely response to that questionnaire. *See* Dkt. No. 7.

## Legal Standards

Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF

1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

>   "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d

390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ___, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original); *see, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

The Supreme Court also has determined that AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of

nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

Rule 4 Disposition

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes). In *Kiser*, clearly applicable here, the Fifth Circuit held that, "even though the statute of limitations provision of the AEDPA is an affirmative

defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*." *Id.* at 329 (noting the district court's "decision to do so was consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases, as well as the precedent of this Court").

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original); *see also Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation also gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

### Analysis

A conviction becomes final under the AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Because a PDR was not filed, Petitioner's murder conviction became final for federal limitations purposes no later than "upon the expiration of the time for seeking further review through the filing of a PDR," *Phillips v. Quarterman*, No. 3:09-cv-1131-B, 2009 WL 1974302, at *2 (N.D. Tex. July 7, 2009) (citing *Roberts v.*

*Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003)), which, at the latest, was the CCA-extended deadline to file the PDR, or on July 22, 2016, *see Rose v. Cockrell*, No. 3:01-cv-386-M, 2003 WL 21801152, at *1 (N.D. Tex. July 25, 2003) ("The [CCA] did grant petitioner an extension of time until September 20, 1999 to file a PDR. However, no PDR was ever filed. Therefore, petitioner's state conviction became final, at the latest, on September 20, 1999 – the date the PDR was due." (collecting cases)); *Wooldridge v. Quarterman*, No. 3:08-cv-1783-D, 2009 WL 1953000, at *2 (N.D. Tex. July 7, 2009) ("[P]etitioner appealed his conviction but filed no PDR despite an extension of time to do so. The state conviction became final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.* on December 18, 2006, the date to which the court of appeals extended the deadline for such filing." (citation omitted)).

While Petitioner asserts in his verified response to the questionnaire that "Texas allows for a 90-day grace period" from the – here, extended – deadline to file the PDR "before the federal one-year limitations time starts to run," Dkt. No. 7 at 5, that is not a correct statement of either Texas or federal law. It appears that Petitioner is referring to the 90-pay period after the CCA's refusal of a PDR. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (observing that, if a petitioner halts the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows 90 days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13. But, because no PDR was ever filed, none was refused, which means that Petitioner is not entitled

to another 90 days from July 22, 2016.

And, "[b]ecause his state habeas petition was not filed within the one-year period" that commenced on that date, that petition "did not statutorily toll the limitation clock." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (citing, in turn, 28 U.S.C. § 2244(d)(2))).

Accordingly, the Section 2254 habeas application – filed no sooner than July 1, 2018, the date on which Petitioner signed it, *see* Dkt. No. 3 at 10 – was filed more than 11 months too late. That application is therefore due to be denied as untimely absent statutory or equitable tolling of the limitations period or establishment of actual innocence.

And, while Petitioner does not argue that he is actually innocent, he does raise arguments that implicate equitable tolling, asserting that his counsel on direct appeal's alleged failure to file a PDR entitles him to the benefit of that doctrine. *See* Dkt. No. 7 at 7 ("Appeal Attorney Rosalind Kelly was still representing [Petitioner] after his direct appeal was affirmed. [Ms.] Kelly spoke by phone with the Petitioner's family and assured them that she was doing his PDR and that she had requested an extension of time with the [CCA] because she only had eight days left on the original deadline of May 22, 2016. [Ms.] Kelly filed for an extension of time to file the PDR on 5-13-2016, which the deadline was extended to July 22, 2016. Petitioner could only assume that the PDR would be filed since he was still being represented by appellate counsel.... After quite some time and never getting a decision on the PDR, [Petitioner] through his own due diligence began to inquire with [CCA] and the Dallas County District

Clerk's Office about the status of his PDR.... Petitioner would have submitted his State Writ of Habeas Corpus much sooner had his appellate attorney ... not lief about submitting a PDR. Petitioner did not find out until over one year later than a PDR was never submitted by appellate counsel.").

First, records available from the CCA belie Petitioner's assertion that Ms. Kelly requested an extension. Those records instead show that he filed that motion *pro se*. And the CCA sent its order extending the filing deadline (to July 22, 2016) to the state prosecutor, to the district attorney, to the state court of appeals, and to Petitioner himself – not to Ms. Kelly.

But, even if this Court ignores the state court records, Petitioner has not shown that he is entitled to equitable tolling based on his allegation of attorney negligence. His claims echo *Holland*'s discussion of attorney negligence. But as shown by the synopsis of the extraordinary circumstances in that case – made by another district court in this circuit – Petitioner's allegations do not come close to Holland's predicament:

> The *Holland* Court also held that an attorney's failure to satisfy the professional standard of care may constitute an "extraordinary circumstance" warranting equitable tolling. The Court made clear, however, that equitable tolling is not warranted for a "'garden variety claim' of attorney negligence." Unlike the facts presented here, in *Holland*, counsel also failed to file Holland's federal petition on time despite Holland's many letters repeatedly emphasizing the importance of doing so; counsel also failed to do the research necessary to determine the proper filing date, despite Holland's letters that identified the applicable rules; counsel also failed to inform Holland in a timely manner that the state supreme court had decided his case, despite several pleas from Holland requesting that information; and, counsel failed to communicate with his client over a period of years, again, despite various pleas from Holland requesting counsel do so. Moreover, in *Holland*, there was

evidence that petitioner could not independently learn the status of his case because the state court would not communicate with him except through counsel, and therefore he had to rely on counsel.

*Withers v. Jones*, No. 4:09CV119 TSL-LRA, 2010 WL 3328267, at *5 (S.D. Miss. July 29, 2010) (citations omitted), *rec. adopted*, 2010 WL 3307086 (S.D. Miss. Aug. 19, 2010).

In sum, Petitioner has not demonstrated that he is entitled to equitable tolling by showing that "rare, exceptional, or extraordinary circumstances beyond his control ... made it impossible for him to timely file" his federal habeas application. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649; *Farmer*, 640 F. App'x at 307.

For these reasons, the Section 2254 application is time-barred.

### Recommendation and Direction to the Clerk of Court

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the application for a writ of habeas corpus with prejudice because it is time-barred. The Court also should direct that the Clerk of Court serve any order accepting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES

IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 25, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE